**ROBINS KAPLAN LLP**
Jason R. Fair, SBN 279699
JFair@RobinsKaplan.com
2049 Century Park East
Suite 3400
Los Angeles, California  90067
Telephone:	310 552 0130
Facsimile:	310 229 5800

Attorneys for Defendant
LIBERTY MUTUAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVAS VARLACK,<br><br>             Plaintiff,<br><br>     v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY and DOES 1-25, inclusive,<br><br>             Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332.**<br><br>Complaint Served:<br>March 24, 2021<br><br>(Removal from the Superior Court of California for the County of Alameda, Case No. 22CV008616) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF GUSTAVAS VARLACK AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1446(b), Defendant Liberty Mutual Insurance Co. ("Liberty") hereby removes this action from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California. Removal is proper in this case based on the following grounds:

## STATE COURT ACTION

1. On March 18, 2022, Plaintiff Gustavas Varlack ("Plaintiff") commenced an action in Alameda County Superior Court, Case No. 22CV008616 (the "State Court Action").

2. A copy of the complaint in the State Court Action was served on Liberty on March 24, 2022.

3. The State Court Action asserts claims for breach of contract, breach of covenant of good faith and fair dealing, unfair business practices, common counts, and fraud against Liberty.

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Liberty in this matter or which have so far been obtained by Liberty from the Court and Plaintiff's counsel are attached hereto as **Exhibits 1-7**, all of which are incorporated herein by this reference, including the allegations contained in the complaint concerning jurisdiction, citizenship, and venue, and the remainder of which will be provided when received.

5. The following constitute all of the available processes, pleadings, or orders that have been filed in the State Court Action and/or served upon or received by the undersigned counsel for Liberty as of the time of the filing of this removal. True and correct copies of the following documents are attached to this Notice of Removal:

   A. Complaint (Exhibit 1)

   B. Summons (Exhibit 2)

   C. Notice of Case Management Conference (Exhibit 3)

   D. Certificate of Mailing (Exhibit 4)

   E. Civil Case Cover Sheet (Exhibit 5)

   F. Proof of Service of Summons (Liberty) (Exhibit 6)

G.  State Court Action docket (Exhibit 7).

6. The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446(b)(3).  There is diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states and the matter and amount in controversy exceeds $75,000, exclusive of interest and costs.

### DIVERSITY OF CITIZENSHIP

7. Plaintiff alleges it "is the business owner of Oakland Acupuncture & Integrative Medicine Clinic located at 9 Grand Ave #13, Oakland, CA 94612."  Ex. 1 (Complaint), ¶ 4.  The Complaint does not provide any information regarding Plaintiff's citizenship, but Plaintiff's counsel has represented to Defendant's counsel that Plaintiff is not a citizen or domiciliary of either Massachusetts or New Hampshire.  Declaration of Jason R. Fair, ¶ 4, dated April 22, 2022, filed concurrently herewith (Fair Declaration).

8. Liberty is a Massachusetts corporation organized under the laws of the Commonwealth of Massachusetts and having its principal place of business in Boston, Massachusetts, and thus is a citizen of the Commonwealth of Massachusetts only.[1]

9. The parties identified in the Complaint as "Does 1-25" are fictitious parties whose citizenship is disregarded for the purposes of removal.  28 U.S.C. § 1441(b)(1) ("For purposes of removal under this Chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

### AMOUNT IN CONTROVERSY

10. Where a plaintiff's state court Complaint is silent as to the amount of damages claimed, the removing defendant need only establish it is more probable than not that plaintiff's

---

[1] Liberty is incorrectly named as a defendant in this action because Plaintiff's commercial property insurance policy is underwritten by Ohio Security Insurance Company, which is incorporated in New Hampshire and headquartered in Massachusetts. Liberty's counsel has made Plaintiff's counsel aware of this fact, and Plaintiff's counsel has agreed to substitute defendant Ohio Security Insurance Company for defendant Liberty in this action.  However, as of the date of the filing of this Notice of Removal, Plaintiff has not filed his amended complaint correcting the identity of the defendant.  Even after Plaintiff amends his Complaint, there will be complete diversity of citizenship because, as noted above, Plaintiff's counsel has represented that Plaintiff is not a citizen or domiciliary of either Massachusetts or New Hampshire.  Fair Declaration, ¶ 4.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Here, the Complaint does not specify the dollar amount of damages being sought. However, Plaintiff's counsel made a pre-suit written demand for damages in the amount of $140,000, which exceeds the $75,000 jurisdictional threshold. Fair Declaration, ¶ 3.

**TIMELINESS AND CONSENT**

11. This Notice of Removal is being filed by Liberty within thirty (30) days of March 24, 2022 as required by 28 U.S.C. § 1446(b)(1).

12. As Liberty is the only (non-fictitious) defendant in this action, all defendants who have been served join in the removal of the action. *See* 28 U.S.C. § 1446(b)(2)(A).

**VENUE**

13. Venue in this Court is proper. Actions are removable from a state court to the district court that encompasses the county where the action was filed. 28 U.S.C. § 1446(a). The Alameda County Superior Court is located with the Northern District of California, where this Notice of Removal is being filed.

14. Although subject to the provisions of the contract out of which this action arises, venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim as alleged in the complaint (incorporated by this reference) occurred, or are alleged to have occurred, within this judicial district.

**NOTICE**

15. Liberty represents that promptly after this filing, Notice of Removal shall be served on Plaintiff's counsel and a copy will be filed with the Clerk of Alameda County Superior Court.

**CONCLUSION**

16. Having established that the requirements for removal of the State Court Action are met, Liberty hereby gives notice of its removal.

//

//

//

//

Dated: April 22, 2022

**ROBINS KAPLAN LLP**

By: _____
Jason R. Fair

Attorneys for Defendant
LIBERTY MUTUAL INSURANCE CO.