# Exhibit 1

1  TIEGA NOEL VARLACK
2  VARLACK LEGAL SERVICES
   Gatehouse Plaza
3  1290 B. Street, STE 208
   Hayward, CA 94541
4  Telephone: (510) 397-2008
   Facsimile: (510) 397-2997
5  Email: tiega@varlacklegal.com

6
   Attorney for Plaintiff
7  GUSTAVAS VARLACK

8
                    **SUPERIOR COURT OF CALIFORNIA**
9
                         **COUNTY OF ALAMEDA**
10

11
   GUSTAVAS VARLACK                    Case No: 22CV008616
12
                                        **COMPLAINT FOR DAMAGES**
13            Plaintiff

14  v.                                  **1. BREACH OF CONTRACT**
                                        **2. BREACH OF COVENANT OF GOOD**
15  LIBERTY MUTUAL INSURANCE            **FAIR AND FAIR DEALING**
    COMPANY and DOES 1-25 inclusive.    **3. UNFAIR BUSINESS PRACTICES**
16                                      **4. COMMON COUNTS**
                                        **5. FRAUD**
17            Defendants.

18                                       **[DEMAND FOR JURY TRIAL]**

19

20                              **COMPLAINT**

21

22        Plaintiff Gustavas Varlack, by and through their counsel, for their complaint against

23  LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual"), state as follows:

24                           **NATURE OF THE ACTION**

25

26  1.  Plaintiff asserts claims against Liberty Mutual for breach of contract, breach of the implied

27      covenant of good faith and fair dealing, and unfair business practices.

28

                                         1
                                    COMPLAINT

2. The parties share a contractual relationship in which for adequate consideration the parties agreed to contract for Business Loss of Income insurance to cover Plaintiff's business located in Oakland, California.

3. Defendant Liberty Mutual acted in bad faith by refusing to extend coverage under said contract and have refused to pay Plaintiff's claim without a reasonable basis for denial.

## PARTIES

4. Plaintiff is the business owner of Oakland Acupuncture & Integrative Medicine Clinic located at 9 Grand Ave #13, Oakland, CA 94612.

5. Defendant Liberty Mutual Insurance Company is a business entity designation unknown that is domiciled in the State of Massachusetts and licensed to write business insurance in the State of California.

6. Plaintiff is ignorant of the names and capacities of the defendants designated as DOES 1-25 herein, and thus sue those Defendants by those fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of those Defendants when ascertained.

7. Plaintiff is informed and believe, and thereon allege, that each of the Defendants designated as DOE is negligently, consciously, willfully, intentionally, knowingly, recklessly, or otherwise tortuously or illegally responsible in some manner for the events and happenings herein referred to, and negligently, consciously, willfully, intentionally, knowingly, recklessly, or otherwise tortuously cause injuries and damages proximately thereby to Plaintiff as hereinafter alleged due to said Defendant's own conduct or through the conduct of their agent, servants, or employees, and each of them.

8. At all times herein relevant, each of the Defendants were an agent, servant, or employee of each of the remaining Defendants, and was at all times acting within the time, purpose, or scope of said agency or employment, and acting within the express or implied knowledge, permission or concern of the remaining Defendants, and each of them.

## JURISDICTION

9. The Property that is the subject of this complaint is located in the County of Alameda, California.

10. Plaintiff resides in the County of Alameda, California.

11. The Court has specific personal jurisdiction over CSAA because it has sufficient contacts within the State of California and breached its contract with Plaintiff in the State of California.

12. Each contact that involved the parties regarding an interest in the Property was entered in the County of Alameda, California.

## **GENERAL ALLEGATIONS**

13. On March 12, 2020, Plaintiff purchased Professional and General Liability insurance through Liberty Mutual.

14. On March 15, 2020, Governor Gavin Newsome ordered the closure of all "non-life-sustaining" businesses to limit the spread of COVID-19.

15. Following the closure, Plaintiff filed a claim of Business Loss of Income on March 25, 2020, due to the forced closure and demanded an insurance payment from Defendant.

16. On April 6, 2020, Defendant refused to make a payment to Plaintiff as was required under the Professional and General Liability Policies.

17. Defendant's refusal to make payment to Plaintiff was made without a reasonable basis in fact or law.

18. Defendant's refusal to make payment to Plaintiff was made in bad faith and for the purpose of denying the benefits of contract for insurance coverage to Plaintiff.

19. Defendant Liberty Mutual owed Plaintiff the following duties, among others: (a) a duty to honor the Professional and General Liability insurance contract for the entire policy duration; (b) a duty to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claims made by Plaintiff against Defendant; (c) a duty to evaluate the Plaintiff's claims fairly; (d) a duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where liability is reasonable clear; (e) a duty to act promptly and reasonably in settling the claim; (f) a duty not to reject a reasonable and fair offer of settlement; (g) a duty not to put its insureds through unnecessary litigation; (h) a duty not to put its insureds' assets at risk; (i) a duty to refrain from actions that would injure the Plaintiff's insured ability to obtain the benefits of the insurance contract; and (j) a duty of good faith and fair dealing.

20. Upon information and belief, the Plaintiff alleges that Defendant Liberty Mutual breached its duties owed to Plaintiff by, among other things:  (a) failing to honor the Professional and General Liability insurance contract; (b) failing to conduct a prompt,  reasonable and diligent investigation of the claims made against CSAA; (c) failing to evaluate the claim fairly; (d) failing to tender the claims; (e) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim; (f) not making any reasonable settlement offers to offer the claims; (g) failing to accept reasonable and fair offers of settlement; (h) putting its insureds, Plaintiff herein, through unnecessary litigation; (i) putting its insureds' personal assets at risk; and (j) failing to pay any reasonable portion of the insurance coverage to Plaintiff herein.

21. As a direct and approximate result of Liberty Mutuals breaches of its duties that it owed to its insureds, the Plaintiff herein, Plaintiff have been deprived of the benefits to which they were entitled and for which they bargained in the insurance contract and were forced to incur expenses to obtain the benefits to which they were otherwise entitled, and Plaintiff have otherwise been damaged in amounts to be determined at trial.

22. Defendant's actions herein constitute bad faith insurance practices.

23. The Court should enter a declaratory judgment, that Defendant must pay its policy limits to Plaintiff herein, in order to satisfy the damages sustained by Plaintiff in the underlying flood.

24. Plaintiff has been required to engage the services of attorneys, and, accordingly, have incurred attorneys' fees and costs to bring this action.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

25. Plaintiff reallege and incorporate by reference each paragraph above as if fully set forth herein.

26. Though a written contract Liberty Mutual and the Doe defendants: (1) agreed to provide Plaintiff with coverage for damages incurred pursuant to the Professional Liability/ General Liability insurance policies.

27. In exchange for the above, the contract called for Plaintiff to pay monies to Defendant Liberty Mutual.  Plaintiff relied on the aforementioned promises, entered into an agreement with Defendant Liberty Mutual, paid $192.00 in hard money, and otherwise performed.

28. Through the acts and omissions of, Defendant Liberty Mutual, the DOE defendants and their agents and employees as set forth above, Defendants breached the contract in that they failed

to provide Plaintiff with coverage pursuant to the Professional Liability/ General Liability insurance policies.

29. WHEREFORE, Plaintiff requests for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION—BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

30. Plaintiff re-alleges and incorporates by reference each Paragraph above as if fully set herein.

31. Within the aforementioned contract between the parties, there was an implied covenant of good faith and fair dealing by and between the parties which prohibits them from engaging in any activity or conduct which would prevent the other party from receiving the benefits of the contract.

32. Through its acts and omissions, Defendants breached the covenant of good faith and fair dealing, all causing damage to Plaintiff as set forth herein.

33. WHEREFORE, Plaintiff requests for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION –UNFAIR BUSINESS PRACTICES:

55. Plaintiff re-alleges and incorporates by reference each Paragraph above as if fully set herein.

56. Plaintiff pursuant to the Bus. & Prof. Code §17204, bring this cause of action as private attorney generals on behalf of the general public.

57. "Unfair competition" is defined in Section 17200 of the Business & Prof. Code as encompassing any one of the following five types of business wrongs: (1) an "unlawful" business act or practice; (2) an "unfair" business act or practice; (3) a "fraudulent" business act or practice; (4) "unfair, deceptive, untrue or misleading advertising"; and (5) any act prohibited by Sections 17500-17577.5. The definitions in Section 17200 are disjunctive. Each of these five "wrongs" operates independently from the others.

58. Section 17200 does not exempt specific industries but applies to any person. The term person has been broadly defined as "all natural persons, corporations, firms, partnerships, joint stock companies, associations, and other organizations of persons."

59. As explained in the preceding paragraphs, defendants and each of them were aware of the "unlawful acts" committed in violation of a number of regulations.

5

COMPLAINT

60. An "unfair" business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

61. By and through their conduct, including the conduct detailed above, defendants have engaged in activities which constitute unfair competition prohibited by California Business and Professions Code § 17200 et seq. in that the above-described conduct is unlawful and/or unfair and/or fraudulent within the meaning of the statute.

62. Defendants have engaged in and on information and believe continue to engage in unlawful conduct by violating Civil Code§ 3300 et. seq.

63. Besides being unlawful, defendant's conduct alleged herein is "unfair" within the meaning of § 17200 inasmuch as such conduct offends public policy in this State, has no utility or rational justification, and is substantially injurious to consumers.

64. Besides being unlawful and unfair, defendants conduct alleged herein is "fraudulent" and/or "misleading" within the meaning of California Business and Professions Code § 17200 and § 17500 inasmuch as such conduct is likely to deceive members of the general public.

65. Plaintiff are prosecuting this action for enforcement of important rights affecting the public interest, and therefore seeks to recover its attorneys' fees under § 1021.5 of the Code of Civil Procedure, and/or under the "common fund" doctrine available to a prevailing plaintiff who wins restitutionary damages for the general public.

66. WHEREFORE, the Plaintiff request relief as set forth herein.

## FOURTH CAUSE OF ACTION – COMMON COUNTS

67.  Plaintiff re-alleges and incorporates by reference each Paragraph above as if fully set herein.

68. Mr. Varlack relied on Liberty Mutual to follow through with their general provisions and terms of protection when it came to his business and property.

69. Defendant received money that was intended to be used for the benefit of plaintiff.

70. Liberty Mutual failed to provide Plaintiff with coverage pursuant to the Professional Liability/ General Liability insurance policies.

71. Mr. Varlack alleges that he was not provided the appropriate assistance even though it was requested and promised in the agreement.

72. Wherefore, Plaintiff request relief as set for the below.

### FIFTH CAUSE OF ACTION – FRAUD

73. Plaintiff hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.

74. Plaintiff entered a contract with Defendant for a Professional & General Liability insurance, at the time of the facts giving rise to the claims herein Mr. Varlack had one contract with defendant.

75. Liberty Mutual made representations of material fact that if Plaintiff used their services, they would insure him against, "terrorism, California Fires, and COVID-19."

76. Liberty Mutual and its agents never stated to Plaintiff that coverage would only extend to "physical damage of the premises."

77. These representations were in fact false; the truth was that Defendant had no intention of offering Plaintiff the coverage he was entitled to.

78. In justifiable reliance upon defendant's conduct, plaintiff was induced to act by trusting Liberty Mutual in purchasing General and Professional Liability Insurance through them with the understanding that his business would be covered for any damages, physical or otherwise.

79. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer extreme and severe mental anguish and emotional distress and other non-economic damages including but not limited to shock, anxiety, loss of self-esteem, and loss of self-worth. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial. Plaintiff is also entitled to attorney's fees and costs pursuant to statute.

80. Wherefore, Plaintiff requests relief as set forth below.

COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request a judgment against Defendants, and each of them, as follows:

1. For general damages, including, without limitation, for physical harm and mental and emotional distress according to proof (on the applicable cases of action as plead above);

2. For compensatory damages in the form of a refund of fees and other costs associated with plaintiff's contract with defendant according to proof.

3. For disgorgement and restitution in the form of payments and other costs associated with doing business with defendant according to proof.

4. For punitive damages and statutory penalties (on the applicable causes of action as plead above);

5. For an award of interest, including prejudgment interest, at the legal rate;

6. For an award of attorney's fees;

7. For costs of suit incurred;

8. For such other and further relief as the Court deems appropriate.

9. For preliminary and permanent injunction forbidding the defendants from continuing to make use of the unlawful business practices detailed in this complaint.

## **DEMAND FOR JURY TRIAL**

Plaintiff herewith demands a jury trial.

Dated: March 18, 2022,                    VARLACK LEGAL SERVICES

_____
Tiega-Noel Varlack, Esq.
Attorney for Plaintiff
GUSTAVAS VARLACK

8

COMPLAINT

Exhibit 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Liberty Mutual Insurance Company and DOES 1-25 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Gustavas Varlack, an Individual

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
03/18/2022
Chad Finke, Executive Officer / Clerk of the Court
By: _____ X. Bowie _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Hayward Hall of Justice
24405 Amador Street
Hayward, CA 94544

**CASE NUMBER:**
*(Número del Caso):*

22CV008616

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Tiega-Noel Varlack SBN 248203        PH: (510)397-2008
Varlack Legal Services
1290 B. Street, Suite 208, Hayward, CA 94541

DATE:           03/18/2022     Chad Finke, Executive Officer / Clerk of the Court     Clerk, by     X. Bowie     , Deputy
*(Fecha)*                                                                              *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

# Exhibit 3

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

PLAINTIFF:
Gustavas Varlack

DEFENDANT:
LIBERTY MUTUAL INSURANCE COMPANY

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
03/21/2022
Chad Finke , Executive Officer / Clerk of the Court
By: _Molly A Kautz_ , Deputy
M. Kautz

CASE NUMBER:
22CV008616

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

Date: 06/17/2022    Time: 10:00 AM    Dept.: 520

Location: Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

# Exhibit 4

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

03/21/2022

Chad Finke, Executive Officer/Clerk of the Court

By: _____ Deputy
M. Kautz

COURTHOUSE ADDRESS:
Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

PLAINTIFF/PETITIONER:

Gustavas Varlack

DEFENDANT/RESPONDENT:

LIBERTY MUTUAL INSURANCE COMPANY

## CERTIFICATE OF MAILING

CASE NUMBER:
22CV008616

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Tiega Noel Varlack
Varlack Legal Services
1290 B. Street, Suite 208
Hayward, CA 94541

Chad Finke, Executive Officer / Clerk of the Court

Dated: 03/21/2022                    By:

Chad Finke, Executive Officer/Clerk of the Court

M. Kautz, Deputy Clerk

**CERTIFICATE OF MAILING**

# Exhibit 5

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Gustavas Varlack

**(b)** County of Residence of First Listed Plaintiff   Alameda County, California
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

TIEGA NOEL VARLACK
VARLACK LEGAL SERVICES
Gatehouse Plaza
1290 B. Street, Suite 208
Hayward, California 94541

## DEFENDANTS

Liberty Mutual Insurance Co. and Does 1-25

County of Residence of First Listed Defendant   Suffolk County, Massachusetts
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Christina M. Lincoln, Robins Kaplan LLP,
2049 Century Park East, Suite 3400, Los Angeles, CA 90067

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | **LABOR** | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | | 710 Fair Labor Standards Act | 830 Patent | 430 Banks and Banking |
| | 340 Marine | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 151 Medicare Act | 345 Marine Product Liability | **PERSONAL PROPERTY** | 740 Railway Labor Act | 840 Trademark | 460 Deportation |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 350 Motor Vehicle | 370 Other Fraud | 751 Family and Medical Leave Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced & Corrupt Organizations |
| | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 360 Other Personal Injury | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 160 Stockholders' Suits | 362 Personal Injury -Medical Malpractice | 385 Property Damage Product Liability | **IMMIGRATION** | 862 Black Lung (923) | 490 Cable/Sat TV |
| 190 Other Contract | | | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | 890 Other Statutory Actions |
| 196 Franchise | 440 Other Civil Rights | **HABEAS CORPUS** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 443 Housing/ Accommodations | 530 General | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 446 Amer. w/Disabilities–Other | **OTHER** | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 448 Education | 540 Mandamus & Other | | | |
| 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation–Transfer   ☐ 8 Multidistrict Litigation–Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Breach of contract, breach of covenant of good faith and fair dealing, unfair business practices, common counts, and fraud

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.   DEMAND $ 240,000.00   CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S), IF ANY *(See instructions):*

JUDGE                    DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*

☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE        ☐ EUREKA-MCKINLEYVILLE

DATE                    SIGNATURE OF ATTORNEY OF RECORD

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

(1)  United States plaintiff. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

(2)  United States defendant. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

(3)  Federal question. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

(4)  Diversity of citizenship. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the six boxes.

(1)  Original Proceedings. Cases originating in the United States district courts.

(2)  Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

(3)  Remanded from Appellate Court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

(4)  Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5)  Transferred from Another District. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

(6)  Multidistrict Litigation Transfer. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

(8)  Multidistrict Litigation Direct File. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

Please note that there is no Origin Code 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC § 553. Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**IX.  Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# Exhibit 6

| | | | | |
|---|---|---|---|---|
| *Attorney or Party without Attorney:*<br>Tiega- Noal Varlack, Esq., Bar #248203<br>Varlack Legal Services<br>Gatehouse Plaza<br>1290 B. St, Suite 208<br>Hayward, CA 94541<br>*Telephone No:* 510-397-2008 *FAX No:* 510-397-2997 | | | | *For Court Use Only*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**03/25/2022 at 10:45:03 AM**<br>By: Lynn Wiley, Deputy Clerk |
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>Alameda County Superior Court | | | | |
| *Plaintiff:* Gustavas Varlack | | | | |
| *Defendant:* Liverty Mutual Insurance Company, et al. | | | | |
| **PROOF OF SERVICE**<br>**Summons & Complaint** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>22CV008616 |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons & Complaint; Notice of Case Management Conference.

*3. a. Party served:*      Liberty Mutual Insurance Company
   *b. Person served:*      Koy Saechao, Person Authorized to Accept

*4. Address where the party was served:*      CSC Lawyers Incorporating Services
                                        2710 Gateway Oaks Dr, Suite 150 N
                                        Sacramento, CA 95833

*5. I served the party:*
  a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
    process for the party (1) on: Thu., Mar. 24, 2022 (2) at: 1:50PM

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
  *on behalf of:* Liberty Mutual Insurance Company
  Under CCP 416.10 (corporation)

*7. **Person Who Served Papers:***                 Recoverable Cost Per CCP 1033.5(a)(4)(B)
  a. John M. Adams             d.  ***The Fee** for Service was:*     $25.00

    **1500 W. El Camino Avenue, #510**      e. I am: (3) registered California process server
    **Sacramento, CA 95833**                        *(i)* Independent Contractor
    **855-5VALPRO, Fax (866) 900-4665**        *(ii) Registration No.:*    2014-45
   Valpro  **www.ValproAttorneyServices.com**      *(iii) County:*            Sacramento

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

  *Date: Thu, Mar. 24, 2022*

Judicial Council Form POS-010             **PROOF OF SERVICE**             (John M. Adams)         *va16.46025*
Rule 2.150.(a)&(b) Rev January 1, 2007      Summons & Complaint

Exhibit 7

TO ORDER COPIES OF ANY DOCUMENTS LISTED
BELOW, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

**This docket is current through 04/22/2022**

**Current Date:** 4/22/2022
**Source:**        Superior Court, Alameda COUNTY, California
**DISCLAIMER**

This Data is provided for informational purposes only and it is not the official record.
For copies of the official record (of an incarceration, conviction or court filing record)
contact the source agency or court. In addition to any obligations under your Subscriber
Agreement, your use of this data may be governed by the Supplier Additional Terms (see
Footer).

**CASE INFORMATION**

| | |
|---|---|
| **Case Title:** | Varlack v. Liberty Mutual Insurance Company |
| **Court:** | Superior Court, Alameda COUNTY |
| **Case Number:** | 22CV008616 |
| **Case Type:** | Civil |
| **Case Subtype:** | Unlimited Civil |
| **Description:** | Insurance Coverage Not Complex |
| **Date Filed:** | 03/18/2022 |
| **Judge:** | Hon. Julia Spain |
| **Location:** | Hayward Hall Of Justice / Dept 520 |

**PARTICIPANT INFORMATION**

**Gustavas Varlack**

**Type:**                        Plaintiff

**Liberty Mutual Insurance Company**

**Type:**                        Defendant

**Julia Spain**

**Type:**                        Other

**ATTORNEY INFORMATION**

**Tiega Noel Varlack**

**CALENDAR INFORMATION (1)**

| Date/Time: | Description: | Location: | Judge: |
|---|---|---|---|
| 06/17/2022 10:00 AM | **Event:** Case Management Conference | **Department:** Hhj / Department 520 | |

**DOCKET PROCEEDINGS (8)**

| Date: | Entry #: | Description: | Date Docketed: | Party: | |
|---|---|---|---|---|---|
| 03/25/2022 | | **Docket Entry:** Proof Of Personal Service Filed By: Gustavas Varlack (Plaintiff) As To: Liberty Mutual Insurance Company (Defendant) Service Date: 03/24/2022 Service Cost: 25.00 Service Cost Waived: No **File Type:** Document | | | View · Add to request |
| 03/21/2022 | | **Docket Entry:** Case Management Conference Scheduled For 06/17/2022 At 10:00 AM In Hayward Hall Of Justice At Department 520 **File Type:** Event | | | Send Runner to Court |
| 03/21/2022 | | **Docket Entry:** Notice Of Case Management Conference Filed By: Clerk **File Type:** Document | | | View · Add to request |
| 03/18/2022 | | **Docket Entry:** Case Assigned To Hon. Julia Spain In Department 520 Hayward Hall Of Justice **File Type:** Assignment | | | Send Runner to Court |
| 03/18/2022 | | **Docket Entry:** Civil Case Cover Sheet Filed By: Gustavas Varlack (Plaintiff) As To: Liberty Mutual Insurance Company (Defendant) **File Type:** Document | | | View · Add to request |
| 03/18/2022 | | **Docket Entry:** Complaint Filed By: Gustavas Varlack (Plaintiff) As To: Liberty Mutual Insurance Company (Defendant) **File Type:** Document | | | View · Add to request |
| 03/18/2022 | | **Docket Entry:** Notice Of Case Assignment Filed By: Clerk **File Type:** Document | | | View · Add to request |
| 03/18/2022 | | **Docket Entry:** Summons On Complaint Issued And Filed By: Gustavas Varlack (Plaintiff) As To: Liberty Mutual Insurance Company (Defendant) **File Type:** Document | | | View · Add to request |

TO ORDER COPIES OF ANY DOCUMENTS LISTED
ABOVE, CALL WESTLAW COURTEXPRESS
1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply)

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.