UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVAS VARLACK,<br><br>           Plaintiff,<br><br>    v.<br><br>OHIO SECURITY INSURANCE COMPANY, et al.,<br><br>           Defendants. | Case No. 22-cv-02478-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 44 |

The motion to dismiss is granted. This ruling assumes that the reader is familiar with the record and the arguments made by the parties.

1. *Judicial Notice.* Ohio Security asks the Court to take judicial notice of Varlack's insurance contract and the letter denying coverage. A court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

Varlack's complaint references the insurance contract, which is central to his claims regarding denial of coverage. Though Varlack objects to the request for judicial notice, he does not appear to dispute the accuracy of the contract. The request for judicial notice is therefore granted as to the insurance contract. The complaint does not explicitly refer to the letter denying coverage, so the request for judicial notice is denied as to that letter.

2. *Motion to Dismiss.* Varlack brings four claims against Ohio Security: breach of contract, breach of the covenant of good faith and fair dealing, a claim under California's Unfair Competition Law, and a "common counts" claim.

Varlack has not stated a claim for breach of contract. As he appears to concede, his insurance contract does not cover income lost because of the government's pandemic policies. *See* Complaint ¶ 44 (noting that the policy Varlack received "only covered physical loss of property and not government intervention"); *see also Inns-by-the-Sea v. California Mutual Insurance Co.*, 71 Cal. App. 5th 688, 705–08 (2021). Varlack argues that Ohio Security nonetheless breached the contract by failing to investigate his claims of fraud against CoverWallet and failing to preserve his phone call with Kaiser. He has not pointed to any provision in the contract creating those obligations, and so they cannot support a claim for breach of contract.

As part of his breach of contract claim, Varlack also argues that Ohio Security violated various provisions of the California Insurance Code. Even if these violations could somehow support a breach of contract claim, Varlack has not offered any facts to suggest that Ohio Security actually violated the law. While section 790.03(h)(2) makes it an unfair settlement practice to "[f]ail[] to acknowledge and act reasonably promptly" in response to communications regarding claims "under insurance policies," Ohio Security responded to Varlack's claim within twelve days. *See* Complaint ¶¶ 28–29. That is not an unreasonable delay. There are no other allegations supporting the notion that Ohio Security "knowingly committed" any of the practices identified in section 790.03(h), nor that Ohio Security committed those acts "with such frequency as to indicate a general business practice" of doing so.

Because Varlack has not stated a claim for breach of contract, he cannot state a claim for breach of the covenant of good faith and fair dealing. *See Love v. Fire Insurance Exch.*, 221 Cal. App. 3d 1136, 1153 (Ct. App. 1990).

As for Varlack's claims under California's Unfair Competition Law based on Kaiser's alleged fraud, Varlack has not offered any facts to suggest that Ohio Security participated in the alleged fraud, and so his claims under the UCL are dismissed as to Ohio Security.

Finally, Varlack has not offered any facts suggesting that Ohio Security is indebted to him, and so his common counts claim is also dismissed as to Ohio Security. *See McGrann v.*

*Federal Insurance Co.*, No. 07–cv-685, 2008 WL 11342735, at *3 (C.D. Cal. Dec. 8, 2008).

Based on the complaint and the papers filed in connection with the motion to dismiss, it does not appear that Varlack will be able to state a claim against Ohio Security. But in an abundance of caution, dismissal is with leave to amend. Any amended complaint is due within 14 days of this order. If no amended complaint is filed, dismissal will be with prejudice.

**IT IS SO ORDERED.**

Dated: November 28, 2022

VINCE CHHABRIA
United States District Judge