UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GUSTAVAS VARLACK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OHIO SECURITY INSURANCE<br>COMPANY, et al.,<br><br>　　　　　Defendants. | Case No.  22-cv-02478-VC<br><br>**ORDER RE MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 55, 62, 69 |

Kaiser and CoverWallet's motions to dismiss are denied. Ohio Security's motion to dismiss is granted.

**I**

*Evidentiary Objections*. Paragraphs 2 to 17 of Tiega-Noel Varlack's declaration in support of the opposition to Kaiser's motion to dismiss are stricken. Dkt. No. 64-1. The paragraphs repeat the allegations in the complaint, but Tiega-Noel Varlack—Varlack's lawyer—has not shown she has personal knowledge of any of those facts.

*Failure to Serve Kaiser*. Kaiser argues that the claims against him should be dismissed because he was served more than 90 days after the complaint was filed. Under Rule 4(m), "a district court may grant an extension of time retroactively, so that a plaintiff's untimely service may be deemed timely." *Aiden T. ex rel. Ginnie T. v. Pajaro Valley Unified School Dist*., No. C-07-04144 RMW, 2008 WL 820722, at *1 (N.D. Cal. Mar. 26, 2008). Even if the plaintiff does not show "good cause" for failing to serve the defendant, a court still has discretion to extend the time period. *Id.* "In making extension decisions under Rule 4(m) a district court may consider

factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir.1998)).

While Varlack has not necessarily shown good cause, the motion to dismiss is denied. Varlack has not shown that Kaiser had actual notice of the suit, but the other factors weigh against dismissal: Varlack's negligence claim would likely be barred by the statute of limitations if the case were dismissed; the two-month delay in service has not resulted in any obvious prejudice to Kaiser; and Kaiser was eventually served.

*Negligence Claims*. Kaiser and CoverWallet argue that Varlack's claim for negligence is barred by the two-year statute of limitations. Cal. Code Civ. P. § 339(1); *Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1133 n.5 (N.D. Cal. 2009). Varlack argues the statute of limitations was tolled for 178 days under California's Emergency Rule 9, making his claim timely.

Federal courts have consistently applied Emergency Rule 9 to toll the statute of limitations for California state law claims, like the negligence claim here. *E.g.*, *Gianelli v. Schoenfeld*, No. 221CV00477JAMKJNPS, 2021 WL 4690724, at *18–19 (E.D. Cal. Oct. 7, 2021), *report and recommendation adopted*, No. 221CV0477JAMKJNPS, 2021 WL 5154163 (E.D. Cal. Nov. 5, 2021), *appeal dismissed*, No. 21-17043, 2022 WL 17657637 (9th Cir. Jan. 20, 2022). CoverWallet and Kaiser cite one case, *Shubin v. Universal Vacation Club*, that declined to apply Emergency Rule 9 to a state negligence claim. No. 222CV2748RSWLAGRX, 2022 WL 3577247, at *3 (C.D. Cal. Aug. 18, 2022). But *Shubin* is easily distinguishable: there, California's choice-of-law rules meant that the Mexican statute of limitations applied to the plaintiff's negligence claim. *Id.* Under those circumstances, the court found that Emergency Rule 9 did not apply. *Id.* Here, it's undisputed that the California statute of limitations applies, and so the California tolling provision should apply as well.

CoverWallet and Kaiser additionally argue that Emergency Rule 9 tolling is not automatic, so Varlack must establish that COVID-19 prevented him from filing his suit earlier. CoverWallet and Kaiser have not cited any case from a California court imposing that

requirement, and no federal court applying Emergency Rule 9 has imposed it either. *See, e.g., Gianelli*, 2021 WL 4690724, at *18–19; *Palacios v. Interstate Hotels & Resorts Inc*., No. 21-CV-05799-TSH, 2021 WL 4061730, at *3 (N.D. Cal. Sept. 7, 2021). *Shubin* is the only case to suggest that such a showing is necessary, but the two cases it relies on do not support that proposition. *See Goerss v. Pac. Gas & Elec. Co*., No. 21-CV-04485-EMC, 2021 WL 4932134, at *6 (N.D. Cal. Oct. 18, 2021) (declining to apply Emergency Rule 9 to federal claims and separately holding that the plaintiff could not support her argument for equitable tolling because she had not explained "how the pandemic could justify her not filing until July 2021"); *Sholes v. Cates*, No. 121CV01006DADHBK, 2021 WL 5567381, at *4–5  (E.D. Cal. Nov. 29, 2021), *report and recommendation adopted*, No. 121CV01006ADAHBKHC, 2022 WL 4072862 (E.D. Cal. Sept. 2, 2022) (declining to apply Emergency Rule 9 to federal habeas claim and separately holding that lockdowns and library closures resulting from COVID-19 did not constitute "extraordinary circumstances warranting equitable tolling"). To the extent that *Shubin* holds that a plaintiff seeking to invoke Emergency Rule 9 must demonstrate that COVID-19 prevented them from filing suit earlier, that holding appears to be wrong.

Applying Emergency Rule 9, Varlack's negligence claim is not barred by the statute of limitations. Because his claim is not time-barred, the Court need not reach the question of whether his negligence claim relates back to his original complaint under Federal Rule of Civil Procedure 15.

## II

For the reasons explained in the Court's prior decision, the motion to dismiss is granted as to Ohio Security. Varlack has not added any new facts to the complaint; he merely repeats legal theories that were rejected in the last round of briefing.

In his opposition, Varlack cites to *Another Planet Entertainment, LLC v. Vigilant Insurance Co*., to suggest that it is unsettled whether the "the actual or potential presence of the COVID-19 virus on an insured's premises constitute[s] 'direct physical loss or damage to property' for purposes of coverage under a commercial property insurance policy." 56 F.4th 730,

734 (9th Cir. 2022). But the complaint includes no allegations that COVID was actually or potentially present on the property, so *Another Planet* is irrelevant.

Dismissal is without leave to amend. Varlack made no effort to address any of the problems identified in the Court's last order, and he has not explained how he could amend the complaint to state a claim against Ohio Security. *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008) (explaining that a district court may deny leave to amend when amended would be "futile" and after "repeated failure to cure deficiencies by amendments previously allowed").

## III

Kaiser and CoverWallet's answers are due in 7 days. A case management conference is set for March 8, 2023. Case management statement due by March 1, 2023.

**IT IS SO ORDERED.**

Dated: February 15, 2023

VINCE CHHABRIA
United States District Judge